IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FREDRICK O. GOSS,
Petitioner,

v.

UNITED STATES OF AMERICA,
Respondent.

Case No. 19–CV–01211–JPG

## MEMORANDUM & ORDER

**I.   INTRODUCTION**

This is a proceeding for post-conviction relief under 28 U.S.C. § 2255. Before the Court are Petitioner Fredrick O. Goss's Motion to Vacate, Set Aside or Correct Sentence and Federal Public Defender Judith A. Kuenneke's Motion to Withdraw. For the reasons below, the Court **DISMISSES** Goss's Motion for lack of jurisdiction; **GRANTS** Kuenneke's Motion; and **DIRECTS** the Clerk of Court to enter judgment.

**II.   PROCEDURAL & FACTUAL HISTORY**

In 2007, Goss pleaded guilty to violating 18 U.S.C. § 922(g)(1): He possessed a firearm after being previously convicted of a felony. (Judgment at 1, United States v. Goss, No. 06–CR–40062–JPG–1 (S.D. Ill. May 31, 2007), ECF No. 33). The Court then sentenced him to a term of 200-months' imprisonment. (Id. at 2). Goss waived his right to appeal or collaterally attack his sentence. (Plea Agreement 9–10, United States v. Goss, No. 06–CR–40062–JPG–1 (S.D. Ill. Feb. 21, 2007), ECF No. 26).

Two years later, Goss moved for post-conviction relief under 28 U.S.C. § 2255. (Mot. to Vacate, Set Aside or Correct Sentence at 1, Goss v. United States, No. 09–CV–00321–DRH (S.D. Ill. Apr. 27, 2009), ECF No. 1). The Court denied the motion after finding that Goss waived his

right to collaterally attack his sentence. (Mem. & Order at 3, Goss v. United States, No. 09–CV–00321–DRH (S.D. Ill. Nov. 23, 2009), ECF No. 5).

In any event, Goss filed a second motion under § 2255 in 2019. (Mot. to Vacate, Set Aside or Correct Sentence at 1, Goss v. United States, No. 19–CV–01211–JPG (S.D. Ill. Nov. 4, 2019), ECF No. 1). He states that he has not "previously filed any other motions, petitions, or applications, concerning [the] judgment of conviction in any court." (Id. at 2). And pointing to the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019), he argues that his "conviction is defective" because he "did not admit to knowledge of" his felony status. (Id. at 4).

The Court appointed Judith Kuenneke of the Federal Public Defender's Office to evaluate Goss's Motion and opine as to whether Goss is eligible for relief under Rehaif.[1] (Order, Goss v. United States, No. 19–CV–01211–JPG (S.D. Ill. Feb. 28, 2020), ECF No. 4). Kuenneke determined that the Motion lacks merit and moved to withdraw. (Mot. to Withdraw at 7, Goss v. United States, No. 19–CV–01211–JPG (S.D. Ill. May 19, 2020), ECF No. 6).

**III.   LAW & ANALYSIS**

Federal prisoners may challenge their detention "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States" by applying for habeas corpus. 28 U.S.C.§ 2255. "Section 2255 gives a federal prisoner one opportunity to challenge a conviction and sentence following a direct appeal." Suggs v. United States, 705 F.3d 279, 282 (7th Cir. 2013). Before presenting a second or successive motion, the prisoner must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion. See 28 U.S.C. § 2255(h). "Without authorization from the court of appeals, the district court has no jurisdiction to hear the petition." Suggs, 705 F.3d at 282.

---

[1] When a petitioner moves for post-conviction relief under Rehaif, Administrative Order 249 instructs the Court to appoint the Federal Public Defender's Office to determine whether the petitioner has a colorable claim.

Goss asserts that this is his first motion for post-conviction relief. But he moved for relief under § 2255 in 2009, and the Court found that he waived his right to collaterally attack his conviction. There is no indication that Goss received authorization from the Seventh Circuit to file a second motion under § 2255. This Court therefore lacks jurisdiction to consider the merits of Goss's second motion.

## IV. CONCLUSION

The Court **DISMISSES** Petitioner Fredrick O. Goss's Motion to Vacate, Set Aside or Correct Sentence for lack of jurisdiction; **GRANTS** Federal Public Defender Judith A. Kuenneke's Motion to Withdraw; and **DIRECTS** the Clerk of Court to enter judgment.

**IT IS SO ORDERED.**

**Dated: Monday, June 1, 2020**

<u>S/J. Phil Gilbert</u>
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**